O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 13-1914 DOC (ANx)            Date: April 4, 2014

Title: AMERICANWEST BANK V. BANC OF CALIFORNIA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO STRIKE AND MOTION TO DISMISS [8]**

Before the Court is Defendant Banc of California, N.A. f/k/a Pacific Bank Trust, FSB's ("Banc") Motion to Strike and Motion to Dismiss (Dkt. 8). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

    **I.**     **Background**

The Court draws the following facts from the Complaint (Dkt. 1).

On May 10, 2013, Banc and Plaintiff American West Bank ("AWB") signed a non-binding letter of intent for Banc to sell certain branches and associated assets to AWB. Compl. ¶ 10. AWB was to pay cash value for the equipment, facilities, and real estate, and a deposit premium of 2.3% on the balance of the accounts purchased (with certain exclusions). *Id*. ¶ 11. The exclusions provided that no premium would be paid for promotional accounts with a balance over $100,000, and that AWB would purchase eligible promotional accounts only from the Temecula and Riverside branches. *Id*. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1914 DOC (ANx)            Date: April 4, 2014

Page 2

---

deposit premium was estimated to be roughly $10,979,947 based on the deposit balances calculated on March 31, 2013. *Id.* ¶ 12.

After signing the letter of intent, the parties conducted due diligence and negotiated final terms through AWB's CEO Scott Kisting and Banc of California's CEO Steven Sugarman. *Id.* ¶ 13. The parties signed a final Agreement on May 31, 2013. *Id.* ¶ 14. The agreement included provisions on how the deposit premium would be calculated, how funds would be transferred, the amount of cash that would be transferred to AWB with the branches, and so forth. *See id.* ¶¶ 14-24.

In the weeks after the parties signed the agreement, Banc of California's CEO tried to renegotiate some of the terms. *Id.* ¶ 25. When Kisting refused, Sugarman accused him of badmouthing Banc's reputation. *Id.* Banc then engaged in a series of actions designed to increase the amount of the deposit premium to be paid to Banc at closing. *See id.* ¶¶ 28-30. Banc also attempted to change the terms and amounts understood by the parties on the day of closing. *See id.* ¶¶ 31-44. After closing, when AWB began reviewing Banc's calculations, AWB found additional violations of the Agreement. *See id.* ¶¶ 45-59. AWB also claims that Banc failed to assist in processing "trailing transactions" remaining after the closing, and has failed to provide authorization for AWB to access all of the necessary information for some of the transferred accounts. *See id.* ¶¶ 60-68.

AWB also alleges in its Complaint that Banc announced "dismal third quarter results" and the departure of Banc's then-CEO about one month after closing. *See id.* ¶¶ 69-70. AWB's Complaint states that, "AWB suspects that Banc and Mr. Sugarman's bad faith efforts to re-write the Agreement and extort additional consideration from AWB are directly connected to Banc's poor financial results and to Banc's regret at not having negotiated a better deal." *Id.* ¶ 72.

AWB filed the instant Complaint on December 6, 2013, alleging causes of action for breach of contract (both monetary damages and specific performance) and a breach of the covenant of good faith and fair dealing. *Id.* at 26-28.

## II. Legal Standard

### a. Motion to Strike

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1914 DOC (ANx)                          Date: April 4, 2014
                                                                                             Page 3

     Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" matter as "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *overruled on other grounds*, 510 U.S. 517 (1994). Scandalous matters are allegations "that unnecessarily reflect[ ] on the moral character of an individual or state[ ] anything in repulsive language that detracts from the dignity of the court," *Cobell v. Norton,* 224 F.R.D. 1, 5 (D.D.C. 2004), and "include[ ] allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com Secs. Litig.,* 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). "[T]he court possesses considerable discretion in disposing of a motion to strike redundant, impertinent, immaterial, or scandalous matter." 5A Wright & Miller, Federal Practice & Procedure: Civil 2d, § 1382; *In re Beef Indus. Antitrust Litig.,* 600 F.2d 1148, 1168 (5th Cir.1979).

        b.  Motion to Dismiss

     Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1914 DOC (ANx)                                        Date: April 4, 2014
                                                                                                                                               Page 4

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III.    Discussion

      a.  Motion to Strike

Banc moves to strike the following pursuant to Rule 12(f):

1. The words "bad faith" from Paragraphs 1, 3-4, 28, 30, 38, 40, and 72 and from the heading on page 10 because the phrase is irrelevant to AWB's breach of contract claim and is used for inflammatory purposes.

2. Paragraphs 3-4 and 69-72 and the heading on page 25 [pertaining to Banc's "dismal" third quarter and possible motive for the alleged bad faith conduct] because Banc of California's purported motive has no bearing on AWB's breach of contract claims and is highly prejudicial to Banc of California's business reputation.

3. The first sentence and the last four sentences of Paragraph 25 [detailing accusations made by Mr. Sugarman that AWB believes are false], the last two sentences of Paragraph 44, ["Rather than provide any legitimate substantive response to the issues raised by AWB, Banc engaged in unproductive mud-slinging, making unwarranted personal attacks on Scott Kisting, AWB's Chairman and Chief Executive Officer, and demanding that Mr. Kisting be excluded from any dispute resolution process. To this date, Banc has refused to offer any legitimate explanation for its blatant refusal to comply with the Agreement."] and the heading on Page 9 ["Banc Attempts to Re-Negotiate the Agreement"] because these allegations are merely included for inflammatory effect to harm Banc of California's reputation and do not relate to AWB's breach of contract claims in any way.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1914 DOC (ANx)                  Date: April 4, 2014
                                                                                               Page 5

---

4. Paragraphs 26 [alleging that Banc and Sugarman knew that certain accounts were to be excluded from the deposit premium calculation, but included them anyway] and 38-39 [claiming that Banc's attempts to change the Agreement terms just before closing would force the transaction into the next quarter due to vendor complications, damaging AWB's reputation and business relationships] and the first two sentences of Paragraph 40 [also addressing bad faith regarding the last-minute negotiations] because they concern matters that are irrelevant to AWB's breach of contract claims.

Motion at 1-2. Banc argues that these allegations should be stricken because they are scandalous and highly prejudicial as well as immaterial and impertinent.

                 i. Scandalous and Prejudicial

Banc argues that the highlighted allegations should be stricken because the allegations are scandalous and highly prejudicial to Banc of California. Scandalous allegations "unnecessarily reflect[ ] on the moral character of an individual or state[ ] anything in repulsive language that detracts from the dignity of the court," and include "allegations that cast a cruelly derogatory light on a party or other person." *Consumer Solutions*, 658 F. Supp. 2d at 1020 (quoting *Cobell*, 224 F.R.D. at 5; *2TheMart.com*, 114 F. Supp. 2d at 965).

The *Survivor Productions* Court struck as scandalous references in the complaint to news articles describing the defendant's allegedly infringing TV programming "in such pejorative and colloquial terms as 'a ripoff' that 'doesn't hesitate for a moment to borrow shamelessly' from Plaintiffs' program." *Survivor Prods. LLC v. Fox Broad. Co.*, 2001 WL 35829267, at *4 (C.D. Cal. June 12, 2001). The court further reasoned that the inflammatory language did not add any substance to the nature of the claims. *See id*. Similarly, the *Bureerong* court similarly struck the allegation that the defendant clothing manufacturing operation was a "slave sweatshop" because the term "appear[ed] only for inflammatory effect" and otherwise added nothing to the claims. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996). The court also noted that the term "slave sweatshop" was "highly prejudicial to Defendants, some of whom are retailers who depend upon consumer goodwill." *Id.* at 1479.

Banc argues that the allegations of "mud-slinging," "level[ing] false accusations," and further allegations that Banc and its officers "acted maliciously" are similarly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1914 DOC (ANx)            Date: April 4, 2014
                                                                                     Page 6

scandalous and also prejudice Banc by harming its reputation in the community. Banc also claims that allegations that the contractual breaches were "in bad faith" and the result of "poor financial results" are especially damaging to Banc's reputation and relationship with its customers. AWB responds that prejudice to Banc against the jury can be cured at trial by redacting the Complaint, and that the allegations do not rise to the level of "scandalous."

     First, the Court finds that the timbre and nature of the language used in the Complaint, although unflattering, does not rise to the level of colloquialism and viciousness such that they "cast a cruelly derogatory light" on Banc or use "repulsive language that detracts from the dignity of the court." *See Consumer Solutions*, 658 F. Supp. 2d at 1020. As compared to allegations of a "ripoff" that "borrows shamelessly" or a "slave sweatshop," the allegations are notably less inflammatory and disrespectful. While the claims do reflect badly on Banc and could compromise their reputation to some degree, the mere fact of negative reflection does not justify striking the allegations. Any allegation of bad faith will, by definition, cast a defendant in a negative light. Here, however, the language is not outrageous or inflammatory, it is not irrelevant, and the prejudice is thus less worrying to the Court. The *Bureerong* court considered the negative implications alongside the allegations' irrelevant and inflammatory nature. Defendant cites no other authority beyond *Bureerong*, which mentions these implications only briefly. *See Bureerong*, 922 F. Supp. at 1479.

                              ii. Immaterial and Impertinent

    Banc argues that all of the above-listed allegations should be stricken because they are immaterial and impertinent. Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527. Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 1527. "If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion." *2TheMart.com*, 114 F. Supp. 2d at 965. As the Court discusses further below, AWB has pleaded a claim for a violation of the covenant of good faith and fair dealing. Banc claims that the challenged allegations, particularly those of "mud-slinging," "bad faith," "false accusations," and poor financial position, are all irrelevant to pleaded claims. Banc further argues that these statements are conclusory and not based on actual facts.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1914 DOC (ANx)                          Date: April 4, 2014
                                                                                                                                                            Page 7

       AWB responds that these allegations are relevant to Banc's understanding of its obligations and how or why Banc breached the agreement or the implied covenant. AWB further claims these allegations will also be relevant to Banc's understanding of its obligations if there are any later claims of ambiguity. The Court agrees that these allegations are pertinent to the claims at issue. The allegations surrounding Banc's motives or interests in changing the terms of the agreement or otherwise complicating the execution of the agreement's terms are relevant to whether these actions constitute a willful and bad faith effort to frustrate AWB's benefit under the Agreement. Willfulness and motive are certainly relevant evidence of bad faith. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) ("Thus, allegations which assert such a claim must show that the conduct of the defendant . . . demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act . . .").

       These allegations also provide basic background information that is relevant to the asserted claims. Background or other historical information, when relevant to the claims at issue and helpful to explaining the relationships between the parties, is appropriate. *See Kaiser Found. Hospitals v. California Nurses Ass'n*, 2012 WL 440634, at *4 (N.D. Cal. Feb. 10, 2012) (denying motion to strike background facts because those facts "provide the Court with a fuller understanding of the dispute"); *Eaton v. Siemens*, 2009 WL 113745, at *7 (E.D. Cal. Jan. 14, 2009) ("[T]he allegations provide context and background to the particular incidents described, and thus, they are properly alleged in the complaint."). The Court will strike such information, however, when it cannot aid in the determination of the claims at issue. *See Survivor Productions*, 2001 WL 35829267, at *3 (striking opinions from newspaper articles where the articles were "not 'historical' in the sense that they provide background facts relating to the parties or to the development of the two programs. Rather, the articles . . . amount to nothing more than a post-hoc analysis of similarities between the programs by news reporters.").

       In this case, the allegations are pertinent to the claims at issue and provide relevant background on the facts of the case. The allegations do not resemble the "post-hoc analysis" rejected in *Survivor Productions*. The claims thus fall far short of Rule 12(f)'s high bar, and the Court cannot say that there is *no doubt* that these claims may be at issue during the litigation.

       Therefore, the Motion to Strike is DENIED.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1914 DOC (ANx)            Date: April 4, 2014
                                                                                   Page 8

        b. Motion to Dismiss

              i. Implied Covenant of Good Faith

Banc also moves to dismiss AWB's claim for a violation of the covenant of good faith and fair dealing on the basis that the alleged violations are indistinguishable from the alleged breach of contract.

The implied covenant of good faith and fair dealing "not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." 1 Witkin Summary of California Law § 798, p. 892 (10th ed. 2005). The covenant supplements the express contractual terms "to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation,* 11 Cal. App. 4th 1026, 1031–32 (1992) (quoting *Love v. Fire Ins. Exch.,* 221 Cal. App. 3d 1136, 1153 (1990)).

Because the implied covenant exists to ensure compliance with the terms of a contract, it "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.,* 24 Cal. 4th 317, 349–50 (2000). The extent of the duties imposed varies with the underlying contractual purposes over which it is implied. *See Egan v. Mut. of Omaha Ins. Co.,* 24 Cal. 3d 809, 818 (1979). Thus, the implied covenant may impose a duty to affirmatively cooperate in a party's performance if a failure to do so would frustrate that party's performance. *See City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 490 (2008). In order to plead breach of the implied covenant, "a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1021–22 (N.D. Cal. 2009). Breach of an express provision of the contract is not required as a prerequisite to claiming a breach of the implied covenant. *See Schwartz v. State Farm Fire & Cas. Co.,* 88 Cal. App. 4th 1329, 1339 (2001) (citing *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992).

              ii. Analysis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1914 DOC (ANx)                            Date: April 4, 2014
                                                                                                                          Page 9

      Banc argues that the implied covenant claim is duplicative because the conduct alleged as violating the covenant of good faith is the same as the conduct underlying the breach, rendering the claim insufficient. *See* Motion at 8-9. Banc relies on *Travelers Property* to support its claim that the conduct alleged is duplicative, and that a party must do more than show an intentional contract breach to make out a breach of the implied covenant. *See* Motion at 9; *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2012 WL 1657121, at *9 (N.D. Cal. May 10, 2012). It is true that, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). But this inquiry is not simply a question of whether the two claims rely on the same facts. Instead, "the Court should not mechanically inquire whether the same facts are alleged and whether the same remedy is sought. Rather, the challenge . . . is to distinguish two claims based on the same facts. If they cannot be distinguished, then the natural conclusion is that they are duplicative." *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 853 (C.D. Cal. 2004).

      AWB responds that its implied covenant claim is distinct because the conduct alleged was a willful and bad faith effort to deprive AWB of the benefits of the agreement by "attempting repeatedly to revise the Deposit Premium calculation, attempting to open new promotional accounts as a means of increasing the Deposit Premium, and pulling a last-minute bait and switch with the Initial Determination." Opp'n at 18. The Court agrees that this sufficiently pleads a claim for a breach of the implied covenant.

      While it may be insufficient that the acts constituting a breach were "intentional," acts done with the intent to frustrate the other party's benefit of the bargain can constitute a breach of the covenant. Here, AWB does not simply allege that Banc breached the contract through intentional means. Rather, the Complaint claims that Banc took a series of actions before and after closing designed to reduce AWB's benefit under the bargain and frustrate their ability to carry out the contract as agreed. These allegations include forcing last-minute changes, improper calculations, refusing to provide records, and other acts that could constitute "unfair dealing, . . . prompted by a conscious and deliberate act that unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party." *Celador*, 347 F. Supp. 2d at 852 (internal quotation marks and citation omitted); *see Fields v. QSP, Inc.*, 2011 WL 1375286, at *4-5 (C.D. Cal. Apr. 8, 2011) (internal quotation marks and citation omitted) (finding claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1914 DOC (ANx)            Date: April 4, 2014
           Page 10

---

violation of the covenant when employee refused to perform her job unless provided additional compensation from clients beyond that already being received because the allegation "demonstrates [her] refusal to discharge her employment responsibilities "by a conscious and deliberate act.""); *Zody v. Microsoft Corp.*, 2012 WL 4051197, at *8-9 (N.D. Cal. Sept. 13, 2012) (denying motion to dismiss implied covenant claim because the allegation that an employer used subjective personal animus to evaluate employee in order to deprive her of proper compensation was distinct from her claim that the failure to compensate her based on objective criteria breached a contractual agreement).

       Because AWB has stated facts that could support a claim for a breach of the implied covenant, the motion to dismiss is DENIED.

       **IV.**    **Disposition**

       For the foregoing reasons, the Motion to Strike and Motion to Dismiss is DENIED.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                  Initials of Deputy Clerk: jcb